CITY OF NEW YORK v. M. WINEBURGH ADVERTISING CO.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. MUNICIPAL CORPORATIONS—STREETS—REGULATIONS — GRANT OF RIGHT TO USE.

A permit to erect a sky sign 9 feet high is not authority to erect one 25 feet high, and the erection thereunder of such a sign is, in legal effect, without a permit, and subject to penalties imposed by a city ordinance for erecting and maintaining such a structure without obtaining a permit.

2. APPEAL—REVIEW—HARMLESS ERROR—ERROR FAVORABLE TO COMPLAINANT.

Where a defendant is liable for two penalties, he cannot complain because judgment is rendered for only one.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4052–4062.]

Laughlin, J., dissenting.

Appeal from Appellate Term.

Action by the city of New York against the M. Wineburgh Advertising Company. From a determination of the Appellate Term, affirming a judgment of the Municipal Court, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHON, and SCOTT, JJ.

Louis Marshall (Abraham Benedict, on the brief), for appellant. Theodore Connoly, for respondent.

SCOTT, J. Appeal by defendant from the determination of the Appellate Term, affirming a judgment of the Municipal Court for the recovery of a penalty. We have recently had occasion to discuss at some length the provisions of the Building Code of the city of New York with reference to the erection of so-called "sky signs" upon buildings, and concluded that such erections were structures which could not lawfully be erected until plans therefor had been filed, and a permit issued (City of New York v. Wineburgh [App. Div.] 107 N. Y. Supp. 478). In the present case the defendant filed plans and specifications for a sign 9 feet high, and obtained the approval thereof and a permit. It thereupon proceeded to erect and maintain a sign 25 feet high, and after notice to remove it omitted to do so for more than 10 days.

It is manifest that a permit for a sign 9 feet high furnished no authority to erect one 25 feet high; and hence, in fact and legal effect, defendant erected its sign, and has maintained it without having applied for or obtained any permit therefor. It thus subjected itself to a penalty of $50 for erecting the sign, and to a further penalty of $250 for maintaining it. Section 150, Building Code. That judgment has been rendered against it for only one penalty gives the defendant no cause to complain. In our opinion no such structure as a "sky sign," of whatever dimensions can be lawfully erected in the city of New York without the filing of plans and specifications and the issue of a permit. The question of the constitutionality of the "sky-sign" ordinance, which is so earnestly argued upon the briefs, and which is certainly not free from doubt, does not, as we regard it, arise upon the present appeal.

The determination of the Appellate Term must be affirmed, with costs.

PATTERSON, P. J., and McLAUGHLIN and HOUGHTON, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the record fairly shows that the penalty was imposed for a violation of the ordinance prescribing the dimensions of the sign, and not for a violation of the ordinance requiring that plans of the proposed structure be filed; and the learned counsel for the city so concedes. The record, therefore, I think fairly presents the question as to whether the ordinance, limiting the dimensions of a sign, is valid. I am of opinion that it is not. It is entirely proper and quite essential to public safety that no structure should be erected without the approval of competent local authorities, who should pass upon the plans, with a view to determining the safety of the structure; but this ordinance, arbitrarily and without regard to the question of safety, limits the size of a sign in a manner to prohibit the construction of a sign no matter of what material or how securely attached, at an elevation above the

level of the streets at which other structures, which cannot be erected with greater safety or security, are permitted. It is too plain for argument that a sign may be erected which, assuming this ordinance to be valid, would be a violation thereof, at an elevation and of such material and with such support and fastenings that it would be at least as safe as the buildings and towers which are permitted to be erected under the forms of law upwards of 40 stories and over 500 feet in height. The ordinance, therefore, I think has not been properly framed; for it may not be said, as matter of law, that no sign of dimensions greater than those specified in the ordinance can be erected without jeopardizing the public safety.

I therefore vote to reverse the determination of the Appellate Term and the judgment of the Municipal Court.